

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00152-CV

---

### IN THE INTEREST OF S.P. AND K.D.C.L., CHILDREN

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 11674, Honorable Carry A. Baker, Presiding

---

April 8, 2026

## ORDER OF ABATEMENT AND REMAND

### Before PARKER, C.J., and DOSS and YARBROUGH and PRATT, JJ.

Appellant, J.P., appeals from the trial court's order terminating his parental rights to his children, S.P. and K.D.C.L.[1]  The reporter's record was due on March 16, 2026, but was not filed.  By letter of March 20, 2026, we notified the reporter that the record was overdue and directed her to advise this Court of the status of the record by March 30, 2026.  The reporter has not filed the record or had any further communication with this Court to date.

---

[1] To protect the privacy of the parties involved, we refer to them by their initials.  *See* TEX. R. APP. P. 9.8(b).

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     why the reporter has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

The trial court shall also ensure that all admitted exhibits are included in the reporter's record, as required.

We further note that the court reporter has received multiple notices from this Court regarding untimely records. Specifically, the reporter has received standard late notices in the following appeals:

1. 07-25-00195-CV;

2. 07-25-00200-CV;

3. 07-25-00223-CV;

4. 07-25-00269-CV (non-accelerated);

5. 07-25-00277-CV;

6. 07-25-00337-CV;

2

7. 07-25-00340-CR (non-accelerated);

8. 07-26-00152-CV;

9. 07-26-00156-CV;

10. 07-26-00157-CV; and

11. 07-26-00158-CV.

Additionally, the reporter has received specific admonishment notices in the following appeals:

1. 07-25-00407-CV; and

2. 07-26-00073-CV.

Given this history, the trial court shall address the reporter's compliance with the applicable rules governing the timely filing of appellate records, including but not limited to Rules of Appellate Procedure 26.1 and 35.1. The trial court shall specifically review with the reporter the rule that the appellate record must be filed within ten days after the notice of appeal is filed in an accelerated appeal. *See* TEX. R. APP. P. 35.1(b).

Should the trial court determine that the reporter will require more than twenty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record. Due to the time-sensitive nature of an appeal from a parental termination order, the supplemental clerk's record shall be filed with the Clerk of this Court **by April 17, 2026**. *See* TEX. R. JUD. ADMIN. 6.2(a).

Should the reporter file the record on or before the date the trial court acts per our directive, she is directed to immediately notify the trial court of the filing, in writing. However, regardless of whether the reporter's record is filed before the trial court acts, the trial court shall still conduct a hearing addressing the reporter's compliance with the rules governing the timely filing of appellate records and the inclusion of admitted exhibits, as outlined above, and shall enter written findings and orders regarding those matters.

It is so ordered.

Per Curiam